LORE ALFORD, *Admin'r in Equity, versus* JAMES MCNARRIN.

The answer of a respondent to a bill in equity will be taken as true, unless from a consideration of the facts and circumstances admitted or proved, the contrary clearly appears.

BILL IN EQUITY.

·  The facts necessary to a full understanding of the case are stated in the opinion of the court, and need not be repeated here.

˙ Neither is it deemed important to insert a synopsis of the voluminous testimony or able arguments of counsel, as the decision is based upon the consideration of the evidence in the case.

*N. Wilson*, solicitor for the complainant.

*A. H. Briggs*, solicitor for the respondent.

GOODENOW, J. The plaintiff is the administrator of one Guy C. Cargill, who was a creditor of one William Irving, now deceased, and who caused two executions in his favor against the said Irving, to be levied on the land in question, on the 7th day of December, 1848, as the property of said Irving. The bill alleges, that on the 8th of November, 1826, Irving was possessed of the land, " or parcel of land, number' four, situate in the then town of Orono (now Oldtown), and conveyed the same to one John Barker, by deed of mortgage ; that subsequently said Barker assigned said mortgage and the note unpaid, to one Jonathan P. Rogers, who on the 23d of June, 1833, conveyed by deed the same lot to the respondent, who gave back his note and deed of mortgage of the same for a part of the purchase money.

The plaintiff charges, " that the reason for said conveyance being made to said McNarrin was and is, that the said Irving had become involved in the lumbering business, and did not dare to hold property in his own name, and said respondent being a brother-in-law of said Irving, it was understood and agreed, that the conveyance from Rogers should be made to respondent, but for the exclusive use and benefit of said Irving, to secure the same from said Irving's creditors, and to prevent the seizure of the same by attachment or levy on execution."

The bill prays, that the respondent may, upon his oath, make answer to all and singular the matters and things charged and alleged in the same.

The answer admits that the conveyances and extents of executions were made at the times and in the manner alleged in the bill, and states particularly the ways and means by which the respondent paid said Jonathan P. Rogers for the property conveyed to him, which he claims to hold. But the respondent, in his answer, " utterly denies that the reason of said conveyance to him from said Jonathan P. Rogers

was, that said Irving had become involved, or did not dare to hold property in his own name; and denies most fully, positively and explicitly, that it was understood or agreed between him and the said Irving, or with any other person, that the conveyance should be made to this respondent, but for the exclusive use and benefit of said Irving, or to secure the same from said Irving's creditors, or to prevent the seizure of the same by attachment or levy on execution."

From a careful examination of the evidence in the case, and consideration of the facts and circumstances admitted or proved, we are unable to come to the conclusion, that the answer of the respondent, in its material parts, is not true.

We are of opinion that the plaintiff has failed to prove, that the conveyance from Rogers to the respondent was fraudulent and void as to the creditors of Irving; or that the respondent held the land so conveyed to him by Rogers in trust for Irving; or in fraud of his creditors.

*The bill must therefore be dismissed,*
*with costs for respondent.*